46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terry L. DANIELSON, Appellant,
v.
EATON CORPORATION, Appellee.
 No. 94-2190NE.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 16, 1994.
Filed: Feb. 1, 1995.
 
 Before ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and BARNES,* District Judge.
 PER CURIAM.
 
 
 1
 Terry Danielson, the plaintiff in this breach of contract suit, appeals the District Court's[1] grant of Eaton Corporation's motion for summary judgment. We affirm the District Court's holding because Danielson's invitation to a fellow employee to "step outside" is a failure to comply with an essential term of any employment contract he may have had.
 
 
 2
 The dispositive facts in this case are undisputed. Danielson is a former employee of Eaton. On the morning of April 5, 1989, Danielson's supervisor insisted that Danielson attend a "roundtable" meeting where employees would voice their concerns to management. Danielson and Ron Leonard, another employee, were in Ron Lundberry's office preparing for the meeting when Danielson offhandedly said that he "could just kill him," apparently referring to the plant manager. Lundberry overheard this remark and confronted Danielson about whom he could kill. Danielson told Lundberry that it was merely an expression, but Lundberry was not satisfied and confronted Danielson again. At this point, Danielson told Lundberry that it was none of his business and that "if you want to stick your nose in my business, we will have to step outside." The room got quiet, and Danielson left. These remarks led to Danielson's termination from Eaton.
 
 
 3
 When Danielson was hired, he says he was told that he would have a job so long as the plant had a product to produce, he got along with fellow employees, and he did his job satisfactorily. According to Danielson, this promise constitutes a contract of employment which was broken when he was fired. We agree with the District Court that even if a contract existed, Danielson cannot recover because he failed to comply with a critical term of the contract.
 
 
 4
 We review the District Court's grant of a summary judgment de novo. A party is entitled to summary judgment when there is no genuine issue of material fact which would allow a reasonable jury to find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986).
 
 
 5
 Under Nebraska law, which we must apply in this diversity case, Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), in order to prevail, Danielson must show, among other things, that he complied with all terms of his alleged contract. Schuessler v. Benchmark Marketing and Consulting, 243 Neb. 425, 436, 500 N.W.2d 529, 538 (1993). If Danielson did have a contract with Eaton, one critical term of that contract was that he "get along" with co- workers. Whatever "getting along" means, it does not include challenging fellow employees to fight. No reasonable juror could conclude that Danielson's invitation to "step outside," in the context in which it was uttered, was anything but a challenge to fight. Thus, Danielson did not comply with an essential term of his contract, and Eaton is entitled to summary judgment.
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 *
 The Hon. Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska